# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOE PANFIL, RENEE MICHELON, and JRJ ADA, LLC, an Illinois limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY, an Arizona corporation,<br><br>Defendant. | No. 12 C 6481<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Joseph Panfil and Renee Michelon have brought this action against Defendant Nautilus for breach of contract regarding an insurance policy. Defendant now moves for summary judgment, and Plaintiffs move for partial summary judgment as to reformation of the policy and Defendant's breach of duty to defend the underlying lawsuit. For the following reasons, Defendant's motion for summary judgment is denied, and Plaintiff's motion is granted.

## BACKGROUND

Plaintiffs Joseph Panfil and Renee Michelon are the sole members of JRJ Ada, an Illinois Limited Liability Company. Plaintiffs filed suit against their insurance company, Nautilus, after JRJ Ada was sued and Nautilus did not defend the suit. In the underlying complaint, the apparent employee of a subcontractor sued JRJ Ada, alleging that he sustained serious and permanent injuries in September 2010 when he fell through a hole while working on JRJ Ada's property.

JRJ Ada filed a report with Nautilus. Nautilus replied, saying it would not defend JRJ

1

Ada because the policy named the individual plaintiffs as the insured, not the LLC. JRJ Ada hired an attorney to defend the underlying complaint. Plaintiffs brought this action against Nautilus to recover their losses.

The policy was in place at the time of the injury. The policy names as the insured only the individual plaintiffs, however, and not JRJ Ada. Plaintiffs urge that the parties nevertheless intended to insure the owner of the property, and that the fact that the policy happened to misname the proper owner was simply a mutual mistake. Defendant contends it never knew of JRJ Ada's existence and never knew Plaintiffs wanted the policy to cover an LLC. The parties also disagree as to whether the policy in any event covers injuries sustained by the particular plaintiff in the underlying suit.

## DISCUSSION

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir.2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a

2

genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the non-moving party, and draw I all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002).

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**A. Reformation**

Insurance policies may be reformed for the same reasons as any other written contract. *Board of Trustees of University of Illinois v. Insurance Corp. of Ireland, Ltd.*, 969 F.2d 329, 332 (7th Cir. 1992). A written agreement is generally presumed to express the intent of the parties on its face. Where a writing fails to express the parties' intent because of a mistake of both parties as to the content of the writing, however, a party may request that the Court reform the writing to accurately express the intended agreement. *N.L.R.B. v. Cook County School Bus, Inc.*, 283 F.3d 888, 893 (7th Cir. 2002); Restatement (Second) of Contracts § 155 (1981).

"In order to be entitled to reformation, a party must present clear and convincing evidence that the agreement as written does not express the true intention of the parties and that there was a mutual mistake." *Id*. In determining the true intention of the parties in the insurance context, a court must consider the policy as a whole, including the subject matter that is insured, and the purpose of the policy. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 108 (Ill. 1992).

Here, the policy at issue is meant to insure the owner of a given piece of property against

3

the risk that a third-party should be hurt or damaged on the premises. Pl SOF ¶ 46. It is not clear why a non-owner of property would ever pay for such coverage; a non-owner is not at risk. Indeed, Defendant's own 30(b)(6) witness affirmed that he had never seen a situation where such a policy had been purchased by an individual or entity that did not own the relevant building.

Due to a mistake apparently attributable to an independent insurance broker, the names of individual plaintiffs Joe Panfil and Renee Michelon were placed on the policy application, despite the fact that their LLC, JRJ Ada, actually owned the property at issue. As a consequence, the individual plaintiffs ultimately were named as the insured in the policy. But there can be no doubt that both parties entered into the agreement set forth in this insurance policy to insure the owner of the property at issue.

Defendant resists this conclusion by insisting that it did not even know that an LLC named JRJ Ada existed, and so it could not possibly have intended to insure it. This contention plainly misses the point. Material for present purposes is Defendant's clear intent to insure the owner of the property covered by the policy. The notion that Defendant intended to insure anything or anyone else unreasonably puts form before substance and does not pass the straight-face test.

Under these circumstances, whether the owner is an individual or an LLC is essentially immaterial to Defendant *ex ante*. It effects neither Defendant's exposure to risk, nor the price of the policy. Pl SOF ¶¶ 48-49; *compare Lighting Fixture and Electric Supply Co., Inc. v. Continental Ins. Co.*, 420 F.2d 1211, 1214 (5th Cir. 1969) (proper formal identity of the owner is of no particular concern to the insurer); *and Court Tobacco Stores, Inc. v. Great Eastern Ins. Co.*, 43 A.D.2d 561, 561-62 (N.Y.App. 1973) (where the nature of ownership is innocently misdescribed, the error is mutual for purposes of reformation even if the insurer is not aware of

4

the error; the name of the insured is not always important if the intent to cover the risk is clear); *with Schwartz v. Great Cent. Ins. Co.*, 188 Ill.App.3d 264, 272 (5th Dist. 1989) (where the alleged mistake regarding the identity of the insured *did* materially impact the scope of coverage, the mutuality of the mistake was called into question).

The point here is that Defendant entered into an agreement to insure the owner of a piece of property, and the agreement mistakenly did not name the proper owner. To be sure, responsibility for the mistake having been made appears to lie disproportionately with Plaintiffs. But there is no evidence that Plaintiffs were not at all times acting in good faith. The mistake may well have been Plaintiffs' to avoid, but it is enough here that Defendant intended to insure the owner of the property and, mistakenly, did not.

**B. Breach of Duty to Defend**

Where an insurer has a duty to defend, but believes that the lawsuit is not covered by the policy, it may not simply refuse to defend the suit. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill.2d 127, 150-51 (Ill. 1999). Instead, the insurer has two options: (1) defend the suit under a reservation of rights, or (2) seek a declaratory judgment that there is no coverage. *Id*. If the insurer does neither, it may be estopped from later raising policy defenses to coverage. *Id*.; *Murphy v. Urso*, 88 Ill.2d 444, 451 (Ill. 1981) ("duty to defend is broader than the duty to pay").

To be sure, this estoppel doctrine applies only where the insurer does indeed have a duty to defend. Relevant to the instant case, there is no duty to defend where, upon comparing the complaint with the policy, there clearly is not at least the potential for coverage.[1] *Id*. at 151; *Clemmons v. Travelers Ins. Co.*, 88 Ill.2d 469, 475 (Ill. 1981).

---

[1] At least two other exceptions apply, though they are not relevant here. There is no duty to defend where the insurer was not given an opportunity to defend, and there is no duty to defend where there was no insurance policy in existence. *Employers*, 186 Ill.2d at 151.

5

It is uncontested that Defendant refused to defend the underlying suit. Defendant also did not seek a declaratory judgment as to coverage. Defendant contends, however, that the suit was not even potentially within the scope of coverage. There was thus no duty to defend, Defendant argues, and estoppel does not apply. I disagree.

Even without the reformation to which I find Plaintiffs are entitled, review of the policy does not suggest that there was "clearly no coverage" of the underlying complaint. *See LaRotunda v. Royal Globe Ins. Co.*, 87 Ill.App.3d 446, 452 (1st Dist. 1980); *see also Employers*, 186 Ill.2d at 151.

Defendant asserts, first, that the underlying suit was clearly not covered by the policy because the defendant named in the suit is JRJ Ada, and the policy names only individuals Panfil and Michelon as the insured. But the underlying suit was clearly brought against the owner of the property at issue, and the insurance policy clearly was meant to insure the owner of the property at issue. One would certainly expect that the discrepancy between the owner as indicated by the underlying complaint and the owner as indicated by the policy would raise a flag. But upon even cursory investigation, Defendant would have learned that JRJ Ada, and not the individual plaintiffs, had been paying for the policy since its inception. One could not blame Defendant for reserving its rights on the basis of this discrepancy while defending the suit. But I am not persuaded that one could reasonably conclude that this formality destroyed even the potential for coverage.

Defendant also contends that the underlying suit was clearly outside the scope of coverage because, under the facts alleged in the underlying complaint, the suit falls within an exclusionary provision in the policy. But as Plaintiffs note, there is another clause in the policy that facially contradicts the exclusionary provision on which Defendant relies. Injuries to certain

6

persons that are excluded from coverage under the first clause are apparently brought back within coverage under the second. The apparent conflict between these clauses, and the presumption that ambiguities are resolved in favor of coverage, *FDIC v. American Cas. Co. of Reading*, 998 F.2d 404, 408 (7th Cir. 1993), persuade me that the exclusionary clause is no basis for concluding that the underlying suit is not even potentially within the policy's coverage.

Because there was clearly at least potential for coverage of the underlying suit, and because Defendant did not seek a declaratory judgment to clarify the question, Defendant's failure to defend the suit was a breach of its contract with Plaintiffs, and Defendant is now estopped from raising policy defenses to coverage.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant relies on the above referenced exclusion to support its own motion for summary judgment. As discussed above, because Defendant neither sought a declaratory judgment on coverage, nor defended the underlying suit with a reservation of rights, it is now estopped from raising policy defenses to coverage. Even if estoppel did not apply, however, Defendant in its motion and briefing does not grapple with the apparently contrary clause cited by Plaintiffs, a clause which appears to substantially undermine the weight of the exclusion. Again, to the extent the policy is inherently contradictory, the ambiguity would be resolved in favor of coverage. *FDIC*, 998 F.2d at 408.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied. Plaintiffs' motion for partial summary judgment as to both reformation and breach of duty to defend is granted. The parties are to confer to discuss how they wish to proceed and will advise the Court at the next status hearing set for 1/28/14 at 9:15 a.m.

7

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 18, 2013