UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE PANFIL, RENEE MICHELON, and JRJ ADA, LLC, an Illinois limited liability company,<br><br>        Plaintiffs,<br><br>        v.<br><br>NAUTILUS INSURANCE COMPANY, an Arizona corporation,<br><br>        Defendant. | No. 12 C 6481<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs Joseph Panfil and Renee Michelon have brought this action against Defendant Nautilus for breach of contract regarding an insurance policy. In a Memorandum Opinion and Order dated December 18, 2013, I granted Plaintiffs' Motion for Partial Summary Judgment, finding that Plaintiffs were entitled to a reformation of the contract, and that Defendant had a duty to defend the underlying suit. Currently before the Court is Defendant's motion to reconsider that portion of the December 18 Order which found that Defendant had a duty to defend. Defendant's motion is granted in so far as I have indeed reconsidered the Order, however, for the following reasons, I confirm the Order's holdings.

      At issue is whether an underlying complaint brought against the instant plaintiffs alleges facts potentially within the coverage of Plaintiffs' insurance policy, such that the instant defendant is obliged to defend the underlying suit. Defendant argues that it does not.

      An endorsement in the policy excludes coverage for "bodily injury" to "employees" arising out of the course of their employment. The endorsement then defines "employee" as

1

including, among other things, a contractor or subcontractor who provides services to any insured. The plaintiff in the underlying complaint worked for a subcontractor hired by the instant plaintiffs. This appears to fall within the policy's definition of "employee," and, in Defendant's view, settles the matter – the Employee Exclusion precludes a duty to defend.

I am not insensitive to Defendant's argument. The difficulty I have with it, however, arises from a second endorsement that appears later in the policy. Section D of the Contractors Subcontracted Work Endorsement adds an exclusion to the policy which states: "This insurance does not apply to 'bodily injury,' 'property damage' or 'personal and advertising injury' arising out of work performed by any contractors or subcontractors unless such work is being performed specifically and solely for you."

In Illinois, "[i]f the underlying complaint alleges facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured." *U.S. Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73 (1991) (emphasis in original). Both the complaint and the policy "must be liberally construed in favor of the insured." *Id*. at 74. The threshold to present a claim for potential coverage is "low," and "[d]oubt as to coverage must be resolved in favor of the insured. *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 193 Ill. App. 3d 1087, 1092 (Ill. App. Ct. 1989) *aff'd*, 144 Ill. 2d 64, 578 N.E.2d 926 (1991). Defendant's contention regarding the Employee Exclusion notwithstanding, in my view, the Contractors Subcontracted Work Endorsement creates just such a doubt.

As Defendant would have it, Section D of the Contractors Subcontracted Work Endorsement contains a surplusage. It first excludes a class of persons from coverage for "bodily injury" who were already excluded from coverage by the Employee Exclusion (contractors and subcontractors). It then recognizes an exception to the exclusion (contractors

and subcontractors working specifically for the insured are *not* excluded), but these persons who would have been saved by the exception apparently are in any event *also* excluded from coverage under the Employee Exclusion.

"A reviewing court will not interpret an insurance policy in such a way that any of its terms are rendered meaningless or superfluous." *Pekin Ins. Co. v. Wilson*, 237 Ill.2d 446, 466 (2010). And yet the understanding of the policy urged by Defendant does just that. Defendant included the Contractors Subcontracted Work Endorsement in the policy. If the exception for injured persons who are not excluded from coverage that is provided for in Section D is to mean anything, the Employee Exclusion must be interpreted so as to make room for it.

Defendant correctly notes that, under Illinois law, "an exception to an exclusion does not create coverage or provide an additional basis for coverage, but, rather, merely preserves coverage already granted in the insuring provision." *Stoneridge Dev. Co. v. Essex Ins. Co.*, 382 Ill.App.3d 731, 756 (2d Dist. 2008). I do not suggest that this exception to an exclusion has "created" coverage. But by "preserving coverage already granted in the insuring provision," an exception to an exclusion does offer some indication as to what the policy itself is meant to cover. *Cf. Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 118-19 (Ill. 1992); *see generally Stanley Martin Companies, Inc. v. Ohio Cas. Group*, 313 F. App'x 609, 613 n. 2 (4th Cir. 2009); *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So.3d 1148, 1160 (Miss. 2010).

Here, it appears that the coverage already granted that is being "preserved" by the exception is "bodily injury arising out of work performed by contractors or subcontractors" who are working "specifically and solely for the insured." Having preserved this coverage, and given that the underlying plaintiff potentially falls within it, the Contractors Subcontracted Work Endorsement suggests that the policy (at least potentially) intended to cover the underlying

3

complaint. The Employee Exclusion, of course, appears to suggest otherwise, but not without rendering the "bodily injury" exclusion and exception in Section D of the Contractors Subcontracted Work Endorsement meaningless. Construing these terms liberally and in favor of the insured, *see U.S. Fidelity*, 144 Ill.2d at 74, I find that the underlying complaint presents a claim that is potentially covered by the policy, and that Defendant thus has a duty to defend the underlying suit.

Defendant has also moved, in the alternative, for final judgment to be entered under Fed. R. Civ. P. 54(b) as to Counts I, II and IV of the Complaint to enable an immediate appeal of my decision. Because finding a duty to defend is a necessary predicate to Defendant's potential liability for Plaintiffs' remaining extra-contractual claims, and because I see no just reason for delay, I grant Defendant's request as to Counts I, II and IV.

## CONCLUSION

Accordingly, Defendant's motion for reconsideration is granted in part and denied in part, and final judgment as to Counts I, II and IV is hereby entered for Plaintiffs.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 7, 2014